IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHELLE CATAGNUS | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | No. 02-3529 |
| | : | |
| ARAMARK CORPORATION, et al. | : | |
| | : | |
| Defendants. | : | |

**ANSWER OF DEFENDANTS ARAMARK SERVICES MANAGEMENT OF PA, INC. AND ARAMARK HEALTHCARE SUPPORT SERVICES, INC. TO THE COMPLAINT**

Defendants ARAMARK Services Management of PA, Inc. and ARAMARK Healthcare Support Services, Inc. ("ARAMARK"), by their undersigned counsel, for their answer to the Complaint of plaintiff Michelle Catagnus, state as follows:

**NATURE OF THE ACTION**

1.  Deny the averments in paragraph 1 of the Complaint as conclusions of law to which no response is required.

2.  Admit that ARAMARK Corporation is a corporation maintaining corporate offices at 1101 Market Street, Philadelphia. Deny the remaining averments in paragraph 2 of the Complaint.

3.  Admit the averments in paragraph 3 of the Complaint, except deny that ARAMARK Services Management of PA, Inc. is a 100% subsidiary of ARAMARK Corporation.

4.  Admit the averments in the first two sentences of paragraph 4 of the Complaint, except deny that ARAMARK Healthcare Support Services, Inc. is a 100% subsidiary

of ARAMARK Corporation. Because the third sentence of paragraph 4 contains no averments of fact, ARAMARK makes no response thereto.[1]

5. Admit the averments in paragraph 5 of the Complaint, except state the Dorothy Homony is employed by ARAMARK Services Management of PA, Inc.

6. Admit the averments in paragraph 6 of the Complaint, except state that Hector Olmo is a former employee of ARAMARK Services Management of PA, Inc.

## JURISDICTION AND VENUE

7. Deny the averments in paragraph 7 of the Complaint as conclusions of law to which no response is required, except that the plaintiff seeks to invoke this Court's jurisdiction pursuant to the statutory provisions cited.

8. Deny the averments in paragraph 8 of the Complaint as conclusions of law to which no response is required, except state that plaintiff seeks to invoke this Court's venue pursuant to the statutory provisions cited.

## FACTS

9. Admit the averments in paragraph 9 of the Complaint.

10. Deny the averments in paragraph 10 of the Complaint as conclusions of law to which no response is required.

---

[1] Plaintiff refers to defendants ARAMARK Corporation, ARAMARK Healthcare Support Services, Inc. and ARAMARK Services Management of PA, Inc. collectively as "Defendants" or the "ARAMARK Defendants" throughout the Complaint. ARAMARK Healthcare Support Services, Inc. and ARAMARK Services Management of PA, Inc. file this Answer on behalf of themselves only. No response made herein constitutes an admission, denial or other response on the part of ARAMARK Corporation.

11.   (a)-(b) Deny the averments in paragraph 11(a) and 11(b) of the Complaint as conclusions of law to which no response is required.

12.   Deny the averments in paragraph 12 of the complaint. By way of further answer, ARAMARK hired plaintiff on April 7, 1997 to work part-time as a Patient Escort in the Distribution Department at Presbyterian Medical Center.

13.   Admit the averments in paragraph 13 of the Complaint.

14.   Admit that plaintiff was out on maternity leave and returned to work in the Distribution Department. Lack knowledge or information sufficient to form a belief as to the remaining averments in paragraph 14 and therefore deny the same.

15.   Admit that plaintiff applied for and obtained a part-time position as a Patient Services Associate ("PSA"), except deny that it was in late 2000. By way of further answer, plaintiff's start date as a PSA was August 6, 2000.

16.   Admit that when plaintiff started work as a PSA she came under the supervision of Chris Hornbaker and Dorothy Homony, among others.

17.   Deny the averments in paragraph 17 of the Complaint.

18.   Admit that Ms. Catagnus witnessed an incident between Mr. Hornbaker and Mr. Hill. Deny the remaining averments in paragraph 18 of the Complaint.

19.   Deny the averments in paragraph 19 of the Complaint.

20.   Deny the averments in paragraph 20 of the Complaint.

21. Lack knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 21 of the Complaint and therefore deny the same.

22. Deny the averments in paragraph 22 of the Complaint.

23. Deny the averments in paragraph 23 of the Complaint.

24. Admit that plaintiff reported the incident she witnessed between Mr. Hill and Mr. Hornbaker to John Hopler, General Manager of ARAMARK's operations at Presbyterian Medical Center and that she accused Mr. Hornbaker of asking her to lie about the incident. Deny the remaining averments in paragraph 24 of the Complaint.

25. Deny the averments in paragraph 25 of the Complaint.

26. Lack knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 26 of the Complaint and therefore deny the same. By way of further answer, several meetings were held among ARAMARK workers at Presbyterian Hospital and plaintiff has failed to identify the meeting to which she is referring.

27. Admit only that at a meeting plaintiff claimed that Mr. Hornbaker had asked her to lie. Lack knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 27 of the Complaint and therefore deny the same. By way of further answer, see Defendants' response to paragraph 26.

28. Deny the averments in paragraph 28 of the Complaint.

29-36. Deny the averments in paragraphs 29 through 36 of the Complaint.

37. Lack knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 37 of the Complaint and therefore deny the same.

38. Admit that plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission in April 2001. Deny the remaining averments in paragraph 38 of the Complaint as characterizations of the terms of a document which speaks for itself.

39. Deny the averments in paragraph 39 of the Complaint.

40. Deny the averments in paragraph 40 of the Complaint.

41. (a)-(e) Deny the averments in paragraphs 41(a) through 41(e) as conclusions of law to which no response is required. To the extent paragraphs 41(a) through 41(e) contain averments of fact, ARAMARK denies those averments.

42. Admit the averments in the first sentence of paragraph 42 of the Complaint. Deny the averments in the second sentence of paragraph 42. By way of further answer, ARAMARK denies the allegations of harassment contained in the Complaint.

43-45. Deny the averments in paragraphs 43 through 45 of the Complaint.

### COUNT I
### PLAINTIFF AGAINST THE ARAMARK DEFENDANTS
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
### 42 U.S.C. § 2000e et seq.

46. Incorporate by reference their responses to paragraphs 1 through 45 of the Complaint as though fully set forth herein.

47. Admit that plaintiff filed a charge of discrimination with the EEOC and that she received a right to sue letter. Deny the remaining averments in paragraph 47 of the Complaint as conclusions of law to which no response is required.

48-52. Deny the averments in paragraphs 48 through 52 of the Complaint as conclusions of law to which no response is required.

## COUNT II
## PLAINTIFF AGAINST ALL DEFENDANTS
## PENNSYLVANIA HUMAN RELATIONS ACT
## 43 P.S. § § 951 et seq.

53.  Incorporate by reference their responses to paragraph 1 through 52 of the Complaint as though fully set forth herein.

54.  Admit that plaintiff filed a charge of discrimination with the EEOC and that she received a right to sue letter. Deny the remaining averments in paragraph 54 of the Complaint as conclusions of law to which no response is required.

55-59. Deny the averments in paragraphs 55 through 59 of the Complaint as conclusions of law to which no response is required.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or part by the applicable statute of limitations and/or doctrine of laches.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or part by the doctrines of estoppel and waiver.

## THIRD AFFIRMATIVE DEFENSE

The Complaint as a whole and each count thereof fails to state a claim for compensatory or punitive damages.

## FOURTH AFFIRMATIVE DEFENSES

This Court lacks subject matter jurisdiction over any claim that may be stated in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are precluded in whole or in part for failure to satisfy the procedural prerequisites to suit.

## SIXTH AFFIRMATIVE DEFENSE

At all material times, ARAMARK acted in good faith towards plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

ARAMARK did not violate any duty to or right of plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

If plaintiff suffered any damages or losses, such losses were caused, in whole or in part, by plaintiff's own conduct, acts or omissions.

## NINTH AFFIRMATIVE DEFENSE

Any damage suffered by plaintiff, the existence of which is denied, was caused by persons other than ARAMARK, outside of their control, and for whom they are not responsible.

## TENTH AFFIRMATIVE DEFENSE

At all times, any actions taken with respect to plaintiff were undertaken for legitimate business reasons unrelated to her alleged protected activity.

## ELEVENTH AFFIRMATIVE DEFENSE

Upon information and belief, plaintiff has failed to mitigate her damages.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff failed to exhaust her administrative remedies.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff did not suffer any adverse employment action.

### FOURTEENTH AFFIRMATIVE DEFENSE

ARAMARK did not retaliate against plaintiff.

### FIFTEENTH AFFIRMATIVE DEFENSE

ARAMARK is not a single or joint employer with ARAMARK Corporation.

WHEREFORE, ARAMARK requests that the Complaint be dismissed and that judgment be entered in their favor against plaintiffs, including an award to ARAMARK of the costs, attorneys' fees and expenses of this action and such other relief as this Court may deem just and proper.

Dated: August 19, 2002

_____
John B. Langel
David S. Fryman
Leslie C. Safran
Leah B. Lipskar
ID Nos. 20742, 57623, 80486 and 88339

Attorneys for Defendants ARAMARK Services Management of PA, Inc. and ARAMARK Healthcare Support Services, Inc.

OF COUNSEL:
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Phone: (215) 665-8500

## CERTIFICATE OF SERVICE

I, Leah B. Lipskar, hereby do certify that on this day I served the foregoing Answer of ARAMARK Services Management of PA, Inc. and ARAMARK Healthcare Support Services, Inc. to the Complaint by sending the same by First Class mail, postage prepaid, as follows:

Joel I. Fishbein, Esquire
Abrahams, Loewenstein & Bushman, P.C.
One Liberty Place, Suite 3100
1650 Market Street
Philadelphia, PA  19103-7392

Stephen A. Whinston, Esquire
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA  19103

Neil J. Hamburg, Esquire
Hamburg & Golden, P.C.
1601 Market Street, Suite 565
Philadelphia, PA  19103-1443

Dated: August 19, 2002

Leah B. Lipskar

PHL_A #1651060 v1