IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHELLE CATAGNUS | : | |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | No. 02-3529 |
| ARAMARK CORPORATION, et al. | : | |
| Defendants. | : | |

## ANSWER OF ARAMARK CORPORATION TO THE COMPLAINT

Defendant ARAMARK Corporation, by its undersigned counsel, for its answer to the Complaint of plaintiff Michelle Catagnus, states as follows:

### NATURE OF THE ACTION

1. Denies the averments in paragraph 1 of the Complaint as conclusions of law to which no response is required.

2. Admits that it is a corporation maintaining corporate offices at 1101 Market Street, Philadelphia. Denies the remaining averments in paragraph 2 of the Complaint.

3. Admits the averments in paragraph 3 of the Complaint, except denies that ARAMARK Services Management of PA, Inc. is a 100% subsidiary of ARAMARK Corporation.

4. Admits the averments in the first two sentences of paragraph 4 of the Complaint, except denies that ARAMARK Healthcare Support Services, Inc. is a 100%

subsidiary of ARAMARK Corporation. Because the third sentence of paragraph 4 contains no averments of fact, Defendants make no response thereto.[1]

5.  Denies that it employs Dorothy Homony. Lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 5 of the Complaint and therefore denies the same.

6.  Denies that it ever employed Hector Olmo. Lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 6 of the Complaint and therefore denies the same.

## JURISDICTION AND VENUE

7.  Denies the averments in paragraph 7 of the Complaint as conclusions of law to which no response is required, except states that the plaintiff seeks to invoke this Court's jurisdiction pursuant to the statutory provisions cited.

8.  Denies the averments in paragraph 8 of the Complaint as conclusions of law to which no response is required, except states that plaintiff seeks to invoke this Court's venue pursuant to the statutory provisions cited.

## FACTS

9.  Denies the averments in paragraph 9 of the Complaint.

---

[1] Plaintiff refers to defendants ARAMARK Corporation, ARAMARK Healthcare Support Services, Inc. and ARAMARK Services Management of Pa, Inc. collectively as "Defendants" or the "ARAMARK Defendants" throughout the Complaint. ARAMARK Corporation files this Answer on behalf of itself only. No response made herein constitutes an admission, denial or other response on the part of ARAMARK Healthcare Support Services, Inc. or ARAMARK Services Management of PA, Inc.

10. Denies the averments in paragraph 10 of the Complaint.

11. (a)-(b) Denies the averments in paragraph 11 of the Complaint as conclusions of law to which no response is required.

12. Denies that it hired or employed plaintiff. Lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 12 of the Complaint and therefore denies the same. By way of further answer, ARAMARK Corporation has no employees.

13-23. Lacks knowledge or information sufficient to form a belief as to the truth of the averments in paragraphs 13 through 23 of the Complaint and therefore denies the same.

24. Denies that it was involved in any operations at Presbyterian Medical Center. Lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 24 of the Complaint.

25. Lacks knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 25 of the Complaint and therefore denies the same.

26. Denies that ARAMARK Corporation had any workers or performed any work at Presbyterian. Lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 26 of the Complaint and therefore denies the same.

27. Lacks knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 27 of the Complaint and therefore denies the same.

28. Denies the averments in paragraph 28 of the Complaint.

29-30.   Lacks knowledge or information sufficient to form a belief as to the truth of the averments in paragraphs 29 and 30 of the Complaint and therefore denies the same.

31.   Denies the averments in paragraph 31 of the Complaint.

32-37.   Lacks knowledge or information sufficient to form a belief as to the truth of the averments in paragraphs 32 through 37 of the Complaint and therefore denies the same.

38.   Admits that plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission in April 2001. Denies the remaining averments in paragraph 38 of the Complaint as characterizations of the terms of a document which speaks for itself.

39.   Denies the averments in paragraph 39 as conclusions of law to which no response is required.

40.   Denies the averments in paragraph 40 as conclusions of law to which no response is required.

41.   (a)-(b) Denies the averments in paragraphs 41(a) and 41(b) as conclusions of law to which no response is required. To the extent paragraphs 41(a) and 41(b) contain averments of fact, ARAMARK Corporation states that it lacks knowledge or information sufficient to form a belief as to the truth of those averments and therefore denies the same.

42.   Denies the averments in paragraph 42 of the Complaint. By way of further answer, ARAMARK Corporation does not have an employee handbook because it has no employees. Further, ARAMARK Corporation was never notified of the alleged harassment.

43.   Denies the averments in paragraph 43 of the Complaint.

44. Denies the averments in paragraph 44 as conclusions of law to which no response is required.

45. Denies the averments in paragraph 45 of the Complaint.

## COUNT I
## PLAINTIFF AGAINST THE ARAMARK DEFENDANTS
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
## 42 U.S.C. § 2000e et seq.

46. Incorporates by reference its responses to paragraphs 1 through 45 of the Complaint as though set forth fully herein.

47. Admits that plaintiff filed a charge of discrimination with the EEOC and that she received a right to sue letter. Denies the remaining averments in paragraph 47 of the Complaint as conclusions of law to which no response is required.

48-52. Denies the averments in paragraphs 48 through 52 of the Complaint as conclusions of law to which no response is required.

## COUNT II
## PLAINTIFF AGAINST ALL DEFENDANTS
## PENNSYLVANIA HUMAN RELATIONS ACT
## 43 P.S. §§ 951 et seq.

53. Incorporates by reference its responses to paragraph 1 though 52 of the Complaint as though set forth fully herein

54. Admits that plaintiff filed a charge of discrimination with the EEOC and that she received a right to sue letter. Denies the remaining averments in paragraph 54 of the Complaint as conclusions of law to which no response is required.

55. Denies the averments in paragraph 55 of the Complaint as conclusions of law to which no response is required. To the extent paragraph 55 contains averments of fact,

Defendant lacks knowledge or information sufficient to form a belief as to the truth of those averments and therefore denies the same.

56-59. Denies the averments in paragraphs 56 through 59 of the Complaint as conclusions of law to which no response is required.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or part by the applicable statute of limitations and/or doctrine of laches.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or part by the doctrines of estoppel and waiver.

### THIRD AFFIRMATIVE DEFENSE

The Complaint as a whole and each count thereof fails to state a claim for compensatory or punitive damages.

### FOURTH AFFIRMATIVE DEFENSES

This Court lacks subject matter jurisdiction over any claim that may be stated in the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are precluded in whole or in part for failure to satisfy the procedural prerequisites to suit.

### SIXTH AFFIRMATIVE DEFENSE

ARAMARK Corporation is not an "employer" within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

### SEVENTH AFFIRMATIVE DEFENSE

ARAMARK Corporation did not have an employment or contractual relationship with plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE

ARAMARK Corporation did not employ any individual working at Presbyterian Medical Center.

### NINTH AFFIRMATIVE DEFENSE

ARAMARK Corporation is not a single or joint employer with ARAMARK Healthcare Support Services, Inc. and/or ARAMARK Services Management of PA, Inc.

### TENTH AFFIRMATIVE DEFENSE

ARAMARK Corporation had no involvement in any operational or personnel function at Presbyterian.

### ELEVENTH AFFIRMATIVE DEFENSE

If plaintiff suffered any damages or losses, such damages or losses were caused, in whole or in part, by plaintiff's own conduct, acts or omissions.

### TWELFTH AFFIRMATIVE DEFENSE

Any damage suffered by plaintiff, the existence of which is denied, was caused by persons other than ARAMARK Corporation, outside of its control, and for whom it is not responsible.

### THIRTEENTH AFFIRMATIVE DEFENSE

At all times, any actions taken with respect to plaintiff were undertaken for legitimate business reasons unrelated to her alleged protected activity.

## FOURTEENTH AFFIRMATIVE DEFENSE

ARAMARK Corporation did not violate any duty to or right of plaintiff.

## FIFTEENTH AFFIRMATIVE DEFENSE

At all material times, ARAMARK Corporation acted in good faith towards plaintiff.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to exhaust her administrative remedies.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff was not subjected to any adverse employment actions.

## EIGHTEENTH AFFIRMATIVE DEFENSE

ARAMARK Corporation did not retaliate against plaintiff.

## NINETEENTH AFFIRMATIVE DEFENSE

Upon information and belief, plaintiff has failed to mitigate her damages.

WHEREFORE, ARAMARK Corporation requests that the Complaint be dismissed and that judgment be entered in its favor against plaintiffs, including an award to ARAMARK of the costs, attorneys' fees and expenses of this action and such other relief as this Court may deem just and proper.

Dated: August 19, 2002

_____
John B. Langel
David S. Fryman
Leslie C. Safran
Leah B. Lipskar
ID Nos. 20742, 57623, 80486 and 88339

Attorneys for Defendant ARAMARK Corporation

OF COUNSEL:
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Phone: (215) 665-8500

PHL_A #1651123 v1                              9

## CERTIFICATE OF SERVICE

I, Leah B. Lipskar, hereby do certify that on this day I served the foregoing Answer of ARAMARK Corporation to the Complaint by sending the same by First Class mail, postage prepaid, as follows:

Joel I. Fishbein, Esquire
Abrahams, Loewenstein & Bushman, P.C.
One Liberty Place, Suite 3100
1650 Market Street
Philadelphia, PA 19103-7392

Stephen A. Whinston, Esquire
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103

Neil J. Hamburg, Esquire
Hamburg & Golden, P.C.
1601 Market Street, Suite 565
Philadelphia, PA 19103-1443

Dated: August 19, 2002

Leah B. Lipskar