IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHELLE CATAGNUS, | : |
| Plaintiff, | : |
| v. | : |
| ARAMARK CORPORATION, ARAMARK SERVICES MANAGEMENT OF PA, INC., ARAMARK HEALTHCARE SUPPORT SERVICES, INC., DOROTHY HOMONY and HECTOR OLMO, | : CIVIL ACTION NO. 02-3529 |
| Defendants. | : |

**REPLY MEMORANDUM OF DEFENDANT HECTOR OLMO
IN FURTHER SUPPORT OF HIS MOTION TO DISMISS THE COMPLAINT**

Plaintiff's response to Defendant Hector Olmo's Motion to Dismiss the Complaint reflects a fundamental misunderstanding of the law applicable to this motion. The only question this Court must answer to decide Mr. Olmo's motion is whether plaintiff has alleged any facts to reflect that Mr. Olmo had notice of the allegations against him before the filing of this lawsuit. Because the unequivocal answer to that question is no, plaintiff goes to great lengths to obfuscate the question.

For example, plaintiff relies on Waiters v. Parsons, 729 F.2d 233, 237 (3d Cir. 1984), in which the court addressed the issue of whether discriminatory actions that continue after the filing of an EEOC charge may be included in a Title VII lawsuit. The court did not address the issue presented in Mr. Olmo's motion – whether a plaintiff may proceed with a lawsuit against a defendant not named in the administrative complaint. Plaintiff takes great liberties in attempting to piece together isolated facts in the Waiters opinion to imply a holding that appears nowhere in the opinion on an issue that the Court did not address. Plaintiff's stretch of the facts and law in Waiters is not only unsupportable but also unnecessary, given the fact that the Third Circuit has addressed squarely the issue presented in Mr. Olmo's motion to dismiss. As set forth in Schafer v. Board of Public Education, **a plaintiff may not proceed against a**

**party not named in the administrative complaint unless "the unnamed party received notice and . . . there is shared commonality of interest with the named party."** Schafer, 903 F.2d 243, 251-52 (3d Cir. 1990) (citing Glus v. G.C. Murphy Co., 629 F.2d 248, 251 (3d Cir. 1980)).[1]

Plaintiff has not pointed to any allegations in her complaint that would suggest that Mr. Olmo had knowledge of her retaliation claim against him before the filing of this lawsuit. Plaintiff's only argument is that Mr. Olmo must have had notice of the EEOC charge and the allegations against him because the ARAMARK defendants had notice. This argument is absurd. Plaintiff cites no law providing that a court may impute an employer's alleged knowledge to one of its employees.

Equally absurd is plaintiff's argument that Mr. Olmo shared a commonality of interest with ARAMARK because (1) Mr. Olmo is represented by the same counsel as ARAMARK and (2) because Mr. Olmo's predecessor, Dorothy Homony, "allowed ARAMARK to control the EEOC proceedings." (Plaintiff's Brief, at 10.) Again, plaintiff cites no law to support these arguments because none exists. No court has found a commonality of interest based on the existence of shared counsel. Further, any decisions made by Ms. Homony with respect to the EEOC proceedings could have no possible relevance to the question of whether **Mr. Olmo** shares a commonality of interest with ARAMARK. Finally, it is the allegations in the Complaint that must establish notice and a commonality of interest, not arguments made by counsel based on facts appearing nowhere in the Complaint.

---

[1] Plaintiff's confusion about the law applicable to this motion appears to stem from the fact that the alleged retaliatory acts of Mr. Olmo took place after plaintiff filed her EEOC charge. If the ARAMARK defendants had attempted to dismiss the complaint based on the new allegations against Mr. Olmo, the Waiters analysis may have been applicable, *i.e.*, whether those allegations were fairly within the scope of the EEOC charge. With respect to Mr. Olmo's motion to dismiss, however, the only relevant inquiry is whether **Mr. Olmo** had notice of the allegations against him before the filing of this lawsuit.

Plaintiff cites Glickstein v. Neshaminy Sch. District, No. Civ. A. 96-6236, 1999 WL 58578 (E.D. Pa. 1999), in support of her argument that the claim against Mr. Olmo should proceed to discovery, yet, plaintiff neglects to mention a key fact on which the court based its decision. In Glickstein, the court allowed the claims against two supervisors not named in the administrative charge to proceed because the plaintiff alleged that these supervisors had knowledge of the PHRC charge due to the fact that they both attended the PHRC conference. As stated above, in this case, plaintiff cannot point to any allegations in her complaint that suggest that Mr. Olmo had knowledge of the allegations against him before the filing of this lawsuit.

Plaintiff's last effort to salvage her claim against Mr. Olmo is her argument that Mr. Olmo should not be dismissed because he is liable in his "official capacity" as a manager at ARAMARK. Plaintiff mistakenly relies on Duffy v. SEPTA, No. CIV. A. 94-4260, 1995 WL 299032 (E.D. Pa. 1995), to support this argument. In Duffy, the court addressed only the issue of whether a plaintiff could maintain a claim against individual defendants in their official capacities under Title VII, not whether a plaintiff could maintain such a claim under Section 955(e) of the PHRA.[2] Section 955(e) of the PHRA imposes **individual liability** on employees who aid or abet the alleged discriminatory practice of the employer. See Cohen v. Temple Physicians, Inc., 11 F. Supp.2d 733, 737 (E.D. Pa. 1998) (Joyner, J.). Thus, a Section 955(e) claim against an individual in his or her "official capacity" that does not seek a finding of individual liability is inconsistent with the purpose of Section 955(e). Further, the very fact that Section 955(e) imposes individual liability reflects that this section was not intended to hold an employer vicariously liable for the acts of its employees. Plaintiff cites no case in which a court has held that a plaintiff can maintain a Section 955(e) claim against an individual in his or her official capacity.

---

[2] Notably, the court in Duffy dismissed plaintiff's Title VII claims against the individual defendants in their personal capacities because the plaintiff failed to present any evidence or arguments suggesting that the individual defendants received notice of their allegedly discriminatory conduct before the institution of the lawsuit, as is this case here.

      Moreover, if plaintiff seeks to hold only the corporate defendants liable for the alleged retaliatory acts of Mr. Olmo, plaintiff has no reason to keep Mr. Olmo in this case as an individual defendant, except to harass him and drag him through months of litigation over at best, a three day suspension. Because the law provides no justification for allowing plaintiff to maintain her claim against Mr. Olmo, the Court should dismiss the Complaint against Mr. Olmo in its entirety.

Respectfully submitted,

Dated: September 26, 2002

_____
John B. Langel
David S. Fryman
Leslie C. Safran
Leah B. Lipskar

Attorneys for Defendants ARAMARK Corporation, ARAMARK Services Management of PA, Inc., ARAMARK Healthcare Support Services, Inc. and Hector Olmo

OF COUNSEL:
BALLARD SPAHR ANDREWS &
    INGERSOLL, LLP
1735 Market Street, 51st Floor
Philadelphia, PA  19103-7599
(215) 665-8500

## **CERTIFICATE OF SERVICE**

I, Leslie C. Safran, hereby do certify that on this day I served the foregoing Motion and Reply Memorandum of Defendant Hector Olmo In Further Support of His Motion To Dismiss the Complaint, by sending the same by First Class Mail, postage prepaid, as follows:

Joel I. Fishbein, Esquire
Abrahams, Loewenstein & Bushman, P.C.
One Liberty Place, Suite 3100
1650 Market Street
Philadelphia, PA 19103-7392

Stephen A. Whinston, Esquire
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103

Neil J. Hamburg, Esquire
Hamburg & Golden, P.C.
1601 Market Street, Suite 565
Philadelphia, PA 19103-1443


Dated: September 26, 2002

　　　　　　　　　　　　　　　　　　　　
Leah B. Lipskar